1  JOHN L. BURRIS  (SBN# 69888)
   Law Offices of John L. Burris
2  Airport Corporate Center
   7677 Oakport Road, Suite 1120
3  Oakland, California  94621
   (510) 839-5200

4  JAMES B. CHANIN (SBN# 76043)
   JULIE M. HOUK   (SBN# 114968)
5  Law Offices of James B. Chanin
   3050 Shattuck Avenue
6  Berkeley, California  94705
   (510) 848-4752

7

8  Attorneys for Plaintiffs

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  DARIUS ESTERS, individually and as)
    a successor of MAURICE ESTERS,    ) CASE NO. _____
14  by and through his guardian ad    )
    litem, Alisha Hughes; MAURIANA    )
15  ESTERS, individually and as a     )
    successor of MAURICE ESTERS,      )
16  by and through her guardian ad    )
    litem, Carla Renee National,      ) COMPLAINT FOR DAMAGES
17                                     )
                                       )(42 U.S.C. Section 1983)
18              Plaintiffs,            )
                                       )
19  vs.                                )
                                       )
20  CITY OF OAKLAND, a municipal       )    JURY TRIAL DEMANDED
    corporation; MICHAEL YOELL,        )
21  individually and in his capacity   )
    as a Sergeant of Police for the    )
22  City of Oakland; A. CENTENO,       )
    individually and in his capacity   )
23  as a Police Officer for the City   )
    of Oakland, DOES 1-100, inclusive,)
24                                     )
                Defendants.            )

25  COMPLAINT                1

1   _____ )

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT                                    2

1

<u>JURISDICTION</u>

2        1.   This action arises under 42 U.S.C. Section 1983.

3  Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

4                <u>INTRADISTRICT ASSIGNMENT</u>

5        2.   The claims alleged herein arose in the City of

6  Oakland, State of California.  Therefore, venue and assignment lies

7  in the United States District Court for the Northern District of

8  California, San Francisco Division.   28 U.S.C. Section 1391(b)(2)

9                      <u>PARTIES</u>

10        3.   The Decedent, MAURICE ESTERS (hereinafter, the

11  Decedent), was an African American male and was the father of the

12  minor Plaintiffs, DARIUS ESTERS and MAURIANA ESTERS.  The Decedent

13  was shot and killed by members of the CITY OF OAKLAND Police

14  Department on or about July 4, 2000, and died as a result thereof in

15  Oakland, California.

16        4.   Plaintiff, DARIUS ESTERS, is the minor son of the

17  Decedent, MAURICE ESTERS, and is a person with standing to bring the

18  within action for the violation of the Decedent's constitutional

19  rights under 42 U.S.C. Section 1983 as a successor of the Decedent

20  pursuant to California Code of Civil Procedure Section 377.60.

21  Plaintiff, DARIUS ESTERS, by and through his guardian ad litem,

22  Alisha Hughes, does hereby bring this action on his own behalf and

23  as a successor in interest of MAURICE ESTERS pursuant to California

24  Code of Civil Procedure Section 377.60.

25

COMPLAINT                           3

5.    Plaintiff, MAURIANA ESTERS, is the minor daughter of the Decedent, MAURICE ESTERS, and is a person with standing to bring the within action for the violation of the Decedent's constitutional rights under 42 U.S.C. Section 1983 as a successor of the Decedent pursuant to California Code of Civil Procedure Section 377.60. Plaintiff, MAURIANA ESTERS, by and through her guardian ad litem, Carla Renee National, does hereby bring this action on her own behalf and as a successor in interest of MAURICE ESTERS, pursuant to California Code of Civil Procedure Section 377.60.

6.    Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

7.    Defendant RICHARD WORD (hereinafter, Defendant WORD), is, and at all times herein mentioned was, the Chief of Police for the CITY OF OAKLAND.  Defendant WORD is sued in his individual and official capacities.  At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant WORD was the policy-maker for Defendant CITY OF OAKLAND on the matters alleged herein related to the customs, policies, practices, of the CITY OF OAKLAND Police Department, including, but not limited to, customs, policies and practices related to the training, supervision, hiring and discipline of police officers and with respect to the management and supervision of the CITY OF OAKLAND Police Department.  Defendant WORD is sued herein in his official and individual capacities.

COMPLAINT                              4

8.   Defendant MICHAEL YOELL (hereinafter Defendant YOELL) was at all times herein mentioned, a Police Sergeant for the CITY OF OAKLAND and is sued herein in his individual and official capacities.

9.   Defendant A. CENTENO (hereinafter Defendant CENTENO) was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND and is sued herein in his individual and official capacities.

10.   Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11.   In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

12.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

<u>STATEMENT OF FACTS</u>

14.   On or about July 4, 2000, Plaintiffs are informed and believe and thereon allege that the Decedent, MAURICE ESTERS, fell asleep, was unconscious and/or was non-responsive while in his automobile located in the vicinity of the intersection of 35th Avenue and MacArthur Blvd., in Oakland, California.

15.   Plaintiffs are further informed and believe and thereon allege that City of Oakland Police Officers noticed the Decedent asleep or unconscious in his vehicle and approached the vehicle to investigate.

16.   Plaintiffs are further informed and believe and thereon allege that when one of the police officers looked into the Decedent's vehicle, he noticed that the Decedent was unresponsive and that there was a revolver on his lap.

17.   Plaintiffs are informed and believe and thereon

allege that the officer called for back up and other City of Oakland Police Department units began arriving on the scene, including, but not limited to, Defendants YOELL, CENTENO and/or DOES 1-100, and/or each of them.

18.   Plaintiffs are informed and believe and thereon allege that after additional police units and supervisors arrived on the scene, an order and/or orders were issued to officers not to approach the vehicle or otherwise startle the Decedent because of the potential danger to both the Decedent and to other persons in the area.  Plaintiffs are further informed and believe and thereon allege that for approximately thirty minutes or more, the Decedent remained asleep or otherwise unconscious in his vehicle without incident.

19.   Nevertheless, Plaintiffs are informed and believe and thereon allege that a member of the CITY OF OAKLAND Police Department began firing bean bag rounds at the Decedent's vehicle and that at least one of the bean bags shattered one of the windows of the Decedent's automobile.

20.   Shortly thereafter, Plaintiffs are informed and believe and thereon allege that the Decedent's vehicle then began to move forward slowly on MacArthur Blvd.

21.   Plaintiffs are informed and believe and thereon allege that despite previous orders directing officer to not approach the Decedent's vehicle and/or to avoid startling the Decedent, Defendants YOELL, CENTENO and/or DOES 1-100, and/or each

COMPLAINT                            7

of them, began following the Decedent's vehicle on foot with their firearms drawn.

22.  Thereafter, Plaintiffs are informed and believe and thereon allege that Defendants YOELL, CENTENO and/or DOES 1-100, and/or each of them, unnecessarily and/or in violation of orders, rules, regulations and/or directives, provoked a confrontation with the Decedent and fired their weapons multiple times at the Decedent, killing him.  Plaintiffs are informed and believe and thereon allege that the use of lethal force by Defendants YOELL, CENTENO and/or DOES 1-100 and/or each of them, was excessive, unnecessary, and/or in violation of rules, orders, regulations and/or other directives of their supervisors and/or of the CITY OF OAKLAND Police Department.

23.  Plaintiffs are informed and believe and thereon allege that Defendants YOELL, CENTENO and/or DOES 1-100, and/or each of them, subjected the Decedent to the use of excessive force because of his race and/or gender in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

24.  Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants YOELL, CENTENO and/or DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with reckless, callous and/or conscious disregard for the rights of the Decedent.

25.  Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions of Defendants YOELL,

COMPLAINT                                8

CENTENO and/or DOES 1-100 and/or each of them, were done with deliberate indifference to the rights of the Plaintiffs.

26.  Plaintiffs are informed and believe and thereon allege that Defendant CITY OF OAKLAND, including, but not limited to Defendants WORD, DOES 1-100, and/or other high ranking police department officials and/or supervisors, individually and/or acting in concert with one another, were on notice of a repeated pattern of misconduct, including, but not limited to, the use of excessive force, by Defendants YOELL, CENTENO, DOES 1-100, and/or each of them, but failed to take any or appropriate remedial action to stop said conduct prior to the subject incident.

27.  Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendants CITY OF OAKLAND, WORD and/or DOES 1-100, and/or each of them, were on notice of prior incidents in which Defendant YOELL was alleged to have used excessive force against citizens, including, but not limited to, prior incidents involving the discharge of weapons at citizens. Nevertheless, Defendants CITY OF OAKLAND, WORD and/or DOES 1-100, and/or each of them, acting with deliberate indifference, failed to take any or appropriate remedial action, including, but not limited to, remedial training, disciplinary action and/or reassignment, to prevent Defendant YOELL from continuing to subject citizens to excessive force and/or other violations of the constitutional rights.

COMPLAINT                                  9

28.   Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF OAKLAND, including, but not limited to Defendants WORD, DOES 1-100, and/or other high ranking police department officials and/or supervisors, individually and/or acting in concert with one another, were on notice of a  the need for more and/or different training, supervision and/or discipline of Defendants YOELL, CENTENO, DOES 1-100, and/or each of them, but failed to take any or appropriate such action prior to the subject incident.

29.   Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF OAKLAND, including, but not limited to Defendants WORD, DOES 1-100, and/or other high ranking police department officials and/or supervisors, individually and/or acting in concert with one another, were on notice of a  a custom, policy, pattern and/or repeated practice of members of the CITY OF OAKLAND Police Department wherein African American males, such as the Decedent, were subjected to excessive force by members of the CITY OF OAKLAND Police Department, including, but not limited to, Defendants YOELL, CENTENO, and/or DOES 1-100, and/or each of them, but failed to take any or appropriate such action prior to the subject incident.

30.   Plaintiffs are further informed and believe and thereon allege that they and/or the Decedent suffered the violation of their/his constitutional rights as a result of customs, policies,

COMPLAINT                               10

or practices of the CITY OF OAKLAND, Defendants WORD, DOES 1-100, and each of them, individually and/or acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, authorized or condoned the use of excessive force which foreseeably resulted in the violation of the rights of the Decedent and/or Plaintiffs.

31.   Plaintiffs are further informed and believe and thereon allege that they and/or the Decedent suffered the violation of their/his constitutional rights as a result of customs, policies or practices of the CITY OF OAKLAND, Defendants WORD, DOES 1-100, individually and/or acting in concert with one another, including, but not limited to, a custom, policy or practice of failing to identify officers, such as Defendants YOELL, CENTENO, DOES 1-100, or each of them, with frequent and/or excessive histories of the use of force, citizens' complaints and/or other misconduct and of failing to promptly discipline, train and/or reassign said officers to prevent the violation of the constitutional rights of citizens.

32.   Plaintiffs are further informed and believe and thereon allege that as a result of the CITY OF OAKLAND's policy of deliberate indifference, a custom or practice developed within the Oakland Police Department whereby it was accepted practice for police officers to abide by a "Code of Silence." Under this Code, police officers charged with upholding the law routinely ignored or otherwise failed to report or take action against fellow police

officers who engaged in misconduct, including, but not limited to, Defendants YOELL, CENTENO, DOES 1-100 and/or each of them.

33. Plaintiffs are further informed and believe and thereon allege that Defendants WORD, DOES 1-100, and/or each of them, tacitly or directly ratified, approved, condoned and/or otherwise encouraged a pattern, practice, custom or policy of excessive force, other misconduct and/or civil rights violations by Defendants YOELL, CENTENO, DOES 1-100, and/or each of them.

34. Plaintiffs are further informed and believe and thereon allege that Defendants WORD, DOES 1-100, and/or each of them, tacitly or directly ratified, approved and/or condoned the shooting of the Decedent in this case and failed to take any or appropriate remedial action in response to this incident despite serious nature of the incident and the loss of life that occurred.

**CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(PLAINTIFFS AS SUCCESSORS OF DECEDENT MAURICE ESTERS
AGAINST DEFENDANTS YOELL, CENTENO, DOES 1-100)

35. Plaintiffs incorporates by reference and re-alleges herein Paragraphs 1 through 34.

36. In doing the acts complained of herein, Defendants YOELL, CENTENO, DOES 1 through 100, individually and/or while acting in concert with one another, did act under color of state law to deprive the Decedent as alleged heretofore of certain

constitutionally protected rights, including, but not limited to:

      (a)  the right not to be deprived of liberty without Due Process of Law;

      (b)  the right to be free from unreasonable searches and/or seizures;

      (c)  the right to be free from pre-trial punishment;

      (d)  the right to be free from discrimination based on race and/or gender; and/or

      (e)  the right to Equal Protection of the Law.

37.  Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

38.  As a result of the violation of the Decedent's constitutional rights as alleged herein, Decedent suffered injuries and damages, including, but not limited to, pain, suffering, emotional distress; loss of the enjoyment of life; special damages, including, but not limited to, future income and wage loss; funeral and burial expenses, medical and/or related expenses, interference with his right of society, comfort and affection with the Plaintiffs and other general and special damages to be determined according to proof.

39.  The acts and/or omissions of Defendants YOELL, CENTENO and/or DOES 1-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous

COMPLAINT                                    13

and/or reckless disregard for the rights of the Decedent and/or Plaintiffs.  Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

40.  Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983 1988.

41.  As successors of the Decedent, Plaintiffs have standing pursuant to California Code of Civil Procedure Section 377.60 to assert this claim for relief.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

<u>SECOND CLAIM FOR RELIEF</u>

(42 U.S.C. SECTION 1983)
(PLAINTIFFS INDIVIDUALLY AGAINST
DEFENDANTS YOELL, CENTENO, DOES 1-100)

42.  Plaintiffs incorporates by reference and re-alleges herein Paragraphs 1 through 41.

43.  In doing the acts complained of herein, Defendants YOELL, CENTENO, DOES 1 through 100, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiffs, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the Decedent as guaranteed by the First and/or

COMPLAINT                                   14

Fourteenth Amendments to the United States Constitution.

44. As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered and will continue to suffer in the future, injuries and damages, including, but not limited to, loss of comfort, affection, society, support, companionship and familial association of the Decedent, pain, suffering and emotional distress, funeral and burial expenses, medical and/or related expenses, loss of income and/or support, in amounts to be determined according to proof.

45. The acts and/or omissions of Defendants YOELL, CENTENO and/or DOES 1-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the Decedent and/or Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

46. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983 1988.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. SECTION 1983)
(AGAINST CITY OF OAKLAND, DEFENDANT WORD, DOES 1-100)

47. Plaintiffs incorporate by reference and re-alleges herein Paragraphs 1 through 46.

COMPLAINT                    15

48.   As against Defendant CITY OF OAKLAND and/or Defendant WORD and/or DOES 1-100 in his/their capacity as official policy-maker(s) for the CITY OF OAKLAND and/or in Defendant WORD's individual capacity, the Plaintiffs, and each of them, further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the use of excessive force and the disregard for the constitutional rights of citizens.

49.   Plaintiffs are further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY OF OAKLAND, WORD, DOES 1-100, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them.

50.   The injuries to the Plaintiffs and/or Decedent were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND, Defendant WORD and/or DOES 1-100, and each of them.

51.   Plaintiffs are further informed and believe and thereon allege that the damages sustained by Plaintiffs and/or

the Decedent as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the CITY OF OAKLAND Police Department.

52.  Plaintiffs are further informed and believe and upon such information and belief allege that the damages and injuries suffered by the Plaintiffs and/or by the Decedent, were caused by customs, policies, patterns or practices of the CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants YOELL, CENTENO, DOES 1-100, and/or each of them.

53.  The aforementioned customs, policies or practices of Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them, resulted in the deprivation of the  constitutional rights of the Decedent, including, but not limited to, the following:

(a)  the right not to be deprived of liberty without Due Process of Law;

(b)  the right to be free from unreasonable searches and/or seizures;

(c)  the right to be free from pre-trial punishment;

(d)  the right to be free from discrimination based on race and/or gender; and/or

(e)  the right to Equal Protection of the Law.

54.  Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United State Constitution.

55.  As the children of the Decedent, Plaintiffs have standing to assert this claim as successors of the Decedent pursuant to California Code of Civil Procedure Section 377.60

56.  The aforementioned customs, policies or practices of Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them, resulted in the deprivation of the  constitutional rights of the Plaintiffs, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the Decedent as guaranteed by the First and/or Fourteenth Amendments to the United States Constitution

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## STATEMENT OF DAMAGES

57.  Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 56.

58.  As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs, as successors in interest to MAURICE ESTERS, are entitled to recover the damages and injuries sustained by the Decedent, including

but not limited to:

     a. General damages, including, but not limited to, damages for pain, suffering, emotional distress, loss of enjoyment of life, loss of the familial relationship, comfort society, affection and support of the Plaintiffs in amounts to be determined according to proof;

     b. Special damages, including, but not limited to, damages for future income and lost wages; burial and funeral expenses, medical and/or related expenses in amounts to be determined according to proof.

     59. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs incurred damages and injuries including, but not limited to:

     a. General damages, including, but not limited to, damages for pain, suffering, emotional distress, loss of the familial relationship, comfort, society, affection and support of the Decedent in amounts to be determined according to proof;

     b. Special damages, including, but not limited to, damages for future income and support; burial and funeral expenses, medical and/or related expenses in amounts to be determined according to proof.

     60. The acts and/or omissions of Defendants YOELL, CENTENO, DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless

COMPLAINT               19

disregard for the rights of the Decedent and/or Plaintiffs. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

61.   Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. Section 1983, 1988 and/or under other statutes and/or laws.

## JURY TRIAL DEMAND

62.   Plaintiffs hereby demand a jury trial.

## STATEMENT OF INTERESTED PARTIES

63.   Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties in this action, there is no such interest to report.   ## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.   General damages to be determined according to proof;

2.   Special damages, including but not limited to, past, present and/or future wage loss, income and support, medical and related expenses, funeral and burial expenses in amounts to be determined according to proof;

3.   Attorneys' fees pursuant to statutes;

4.   Costs of suit;

5.   Punitive and exemplary damages in amounts to be determined according to proof as to Defendants YOELL, CENTENO and/or DOES 1-100, and/or each of them;

6.   For prejudgment interest as permitted by law;

7.   For such other and further relief as the Court may deem just and proper.

DATED: June __, 2001          _____

                                        JOHN L. BURRIS
                                        Attorney for Plaintiffs

COMPLAINT                                    21